UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEBRA FLYNN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13CV2449 HEA |
|  | ) |  |
| ASCENSION HEALTH LONG TERM DISABILITY PLAN, et al., | ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Voluntary Dismissal, for lack of subject matter jurisdiction, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, [Doc. No. 39].[1] Defendants oppose the Motion. For the reasons set forth below, the Motion is denied.

**Background**

Plaintiff Debra Flynn ("Plaintiff") brings this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., alleging that Defendants Ascension

---

[1] Plaintiff titled her moving paper, "Notice to Court and Counsel of Lack of Jurisdiction." [Doc. No. 39]. She passively advised the Court that she would "accede to an order of dismissal entered *sua sponte* by the Court pursuant to FRCP 12(b)(1)." [*Id.*]. Similarly, in her Memorandum in Support of her "Notice," Plaintiff passively advised the Court that 29 U.S.C. § 1003(b)(2) "requires that [the action] be dismissed without prejudice by this Court, and left for possible future reassertion in the appropriate state court, should Plaintiff elect to do so." [Doc. No. 40 at 2]. In further asserting that "any dismissal for lack of subject matter jurisdiction must be entered without prejudice," Plaintiff cited Rule 41(a)(2) of the Federal Rules of Civil Procedure, which allows a plaintiff to move for voluntary dismissal, subject to court approval, after an answer has been filed. [*Id.* at 11]. In her Reply, Plaintiff twice stated that she "should thus be allowed to dismiss her complaint without prejudice, and raise her claims in state court, under state law." [Doc. No. 45 at 2, 17]. Viewing Plaintiff's arguments and requests in totality, the Court will construe her "Notice" as a Motion for Voluntary Dismissal, for lack of subject matter jurisdiction, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Health Long Term Disability Plan ("the LTD Plan") and Sedwick Claims Management Services, Inc. ("Sedwick CMS") improperly denied her claim for long term disability benefits in breach of the terms of the LTD Plan, and Defendants' fiduciary duties. Plaintiff seeks declaratory relief, an accounting, injunctive relief, and attorneys' fees.

Plaintiff asserts in her Complaint that the Court has jurisdiction over her claims pursuant to ERISA, and alleges that, "[a]t all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored and funded by Ascension Health." [Doc. No. 1 at ¶ 5].

However, eight months after initiating this action, Plaintiff filed the instant Motion, requesting that the Court dismiss her Complaint for lack of subject matter jurisdiction on the grounds that the LTD Plan should be deemed a "church plan" and, thus, be exempted from ERISA. Defendants counter that the LTD Plan is not an exempt church plan, and that, even if it was so classified, the Plan is subject to ERISA because Ascension filed an election under 26 U.S.C. § 410(d) with respect to the Plan, seeking to opt into ERISA regulation.

**Rule 41(a)(2) Voluntary Dismissal Standard**

Rule 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because Defendants have filed an answer, Rule 41(a)(1) does not apply here. Therefore, Plaintiff may dismiss this action only pursuant to Court order.

"'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (quoting *United States v. Gunc*, 435 F.2d 465, 467 (8th Cir. 1970)). "In exercising that discretion, a court should consider factors such

as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted).

**Discussion**

The sole explanation Plaintiff submits for her desire to dismiss this action is her belief that this Court lacks subject matter jurisdiction. As discussed below, this Court concludes that subject matter jurisdiction over this matter resides in this Court. Accordingly, the Court will deny Plaintiff's Motion for Voluntary Dismissal pursuant to Rule 41(a)(2).

**A.     Church Plans**

Employee benefit plans established or maintained by an employer engaged in commerce are governed by ERISA. 29 U.S.C. § 1003. ERISA vests federal courts with subject matter jurisdiction to hear a participant's action to recover benefits due under an ERISA plan. *Gerhardt v. Liberty Life Assur. Co.*, 574 F.3d 505, 511 (8th Cir. 2009); 29 U.S.C. § 1132(a), 1132(e). However, under the "church plan" exemption, when an employee benefit plan is found to be a "church plan," no federal question jurisdiction exists because the plan is exempt from ERISA regulation. *Chronister v. Baptist Health*, 442 F.3d 648, 651 (8th Cir. 2006); 29 U.S.C. § 1003(b)(2). "The term 'church plan' means a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of the Internal Revenue Code of 1986 [26 U.S.C. § 513]." 29 U.S.C. § 1002(33)(A).

ERISA provides employers with an optional exception to the church plan exemption. An employer may make an "election" under 26 U.S.C. § 410(d) to subject an otherwise exempt church plan to ERISA regulation. 29 U.S.C. § 1003(b)(2).

Plaintiff, after bringing this action in federal court and alleging that the LTD Plan is governed by ERISA, now contends that the LTD Plan is a church plan and, accordingly, moves for the Court to dismiss this action for lack of subject matter jurisdiction. To support her argument, Plaintiff relies on a decision which found that Ascension's pension benefit plan is a church plan, *Overall v. Ascension*, 2014 U. S. Dist. LEXIS 65418 (E.D. Mich. May 13, 2014), and a decision which found that Ascension's LTD Plan—the plan at issue here—is a church plan, *Welsh v. Ascension Health*, 2009 U.S. Dist. LEXIS 45947 (N.D. Fla. May 21, 2009).

Defendants argue that, notwithstanding Ascension's pension plan's status as a church plan,[2] and the *Welsh* court's holding that Ascension's LTD Plan is a church plan, the LTD Plan is not, in fact, a church plan. The Eighth Circuit has adopted the Fourth Circuit's three-factor test for determining whether an ERISA plan should be considered a church plan. *Chronister*, 442 F. 3d at 653 (citing *Lown v. Continental Cas. Co.*, 238 F.3d 543, 548 (4th Cir. 2001). Curiously, the parties neither discussed the Eighth Circuit's standard, nor cited *Chronister* in any capacity in their briefs.[3] *Cf. Hall v. USAble Life*, 774 F. Supp. 2d 953 (E.D. Ark. 2011) (applying *Chronister* to determine whether a plan was a church plan); *Thorkelson v. Publ'g House of the Evangelical Lutheran Church*, 764 F. Supp. 2d 1119 (D. Minn. 2011) (Same). Instead of applying the Eighth

---

[2] In *Overall*, Ascension successfully moved to dismiss on the grounds that its pension plan is a church plan.

[3] *Chronister* was reversed on other grounds in *Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773 (8th Cir. 2009). However, the standard for determining whether an employment benefit plan is a church plan was left undisturbed.

Circuit standard, the parties analyzed the issue under standards applied by off-circuit district courts.

Regardless, the Court need not reach the issue of whether Ascension's LTD Plan is a church plan. Even assuming, *arguendo*, that it is a church plan, otherwise exempt from ERISA regulation, the parties do not dispute the fact that Ascension made an irrevocable election under 26 U.S.C. § 410(d) to subject the LTD Plan to ERISA regulation. [Doc. No. 50 at 8–9].[4] Plaintiff, however, argues that the election was ineffective.

**B.      26 U.S.C. § 410(d) Election**

Title 26 U.S.C. § 410(d), which is found in the Internal Revenue Code ("IRC") provides, in pertinent part: "If the church or convention or association of churches which maintains any church plan makes an election under this subsection . . . , then the provisions of this title relating to participation, vesting, funding, etc. (as in effect from time to time) shall apply to such church plan as if such provisions did not contain an exclusion for church plans." 26 U.S.C. § 410(d).

Plaintiff contends that a § 410(d) election may only be made with respect to a church *pension* benefits plan, as opposed to a church *welfare* benefits plan.[5] For support of this proposition, Plaintiff relies on two Department of Labor Advisory Opinions. *See* Dep't of Labor, Advisory Letter Nos. 95-07A, 95-10A. However, as one court accurately noted, "[t]he statements contained in the Department of Labor opinions are not supported by reasoning or analysis; nor

---

[4] The § 410(d) election was made as to all of Ascensions Welfare Benefit Plans, one of which is listed as the LTD Plan. [Doc. No. 50 (exhibit 1) at 8–9].

[5] A pension benefits plan is any plan that "provides retirement income to employees, or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A)(i), (ii). A welfare benefits plan is any plan established or maintained for the purpose of providing, inter alia, "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . . ." *Id.* § 1002(1). The parties do not dispute that the LTD Plan is a welfare benefits plan.

were they central to the agency's decisions." *Catholic Charities of Maine, Inc. v. City of Portland*, 304 F. Supp. 2d 77, 89 (D. Me. 2004).

Several courts have analyzed this issue and found that a § 410(d) election may be made with respect to a church welfare benefits plan. *See Robinson v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 44004, at *5–11 (E.D. Cal. Mar. 27, 2013); *Medellin v. CommunityCare HMO, Inc.*, 787 F. Supp. 2d 1259, 1264–66 (N.D. Okla. 2011); *Welsh*, 2009 U.S. Dist. LEXIS 45947, at *25–28; *Catholic Charities*, 304 F. Supp. 2d at 86–90. In fact, in *Welsh*, the case Plaintiff cited as finding that the Ascension LTD Plan at issue here is a church plan, the court went on to conclude that, because Ascension had made a § 410(d) election with respect to the LTD Plan, the Plan was subject to ERISA regulation, notwithstanding its status as a church plan. *Welsh*, 2009 U.S. Dist. LEXIS 45947, at *28. Many other courts have stated in dicta, or taken for granted the fact that a § 410(d) waiver may be made with respect to a welfare benefits plan. *See Am. Assoc. of Christian Sch. Voluntary v. United States*, 850 F.2d 1510, 1517 (11th Cir. 1988); *Hanshaw v. Life Ins. Co. of N. Am.*, 2014 U.S. Dist. LEXIS 151411, at *18 n.5 (W.D. Ky. Oct. 22, 2014*); Nielsen v. Unum Life Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 160643, at *7–10 (W.D. Wash. Sept. 2, 2014); *Little Sisters of the Poor Home for the Aged v. Sebelius*, 6 F. Supp. 3d 1225, 1232, 1240 (D. Colo. 2013); *Rinehart v. Life Ins. Co. of N. Am.*, 2009 U.S. Dist. LEXIS 32864, at *18–20 (W.D. Wash. Apr. 14, 2009); *Geter v. St. Joseph Healthcare Sys.*, 575 F. Supp. 2d 1244, 1249–50 (D.N.M. 2008); *Duckett v. Blue Cross & Blue Shield*, 75 F. Supp. 2d 1310, 1316 n.3 (M.D. Ala. 1999); *Jones v. Kaiser Found.*, 1992 U.S. Dist. LEXIS 2023, at *3 (D.D.C. Feb. 26, 1992); *see also* Alison M. Sulentic, *What Catholic Social Teaching Says to Catholic Sponsors of Church Plans*, 17 J. Contemp. Health L. & Policy 1, 44–45 (2000).

As one court has noted, "[t]here are two possible points of ambiguity in § 410(d)" that could be used to argue that the election is only available with respect to pension plans. *Robinson*, 2013 U.S. Dist. LEXIS 44004, at *9. "First, it is located within a section of the IRC that seems to apply only to deferred compensation [pension] plans. Second, it contains an enumeration ['participation, vesting, funding,'] concluded by a necessarily ambiguous 'etc.'" *Id.*

Despite these ambiguities, this Court in its review of the case law and finds that an irrevocable election may be made under § 410(d). The reasoning is as follows.

The applicable Treasury Department regulation that specifies which types of plans can make an election under § 410(d), and the effect of such an election, states, in pertinent part:

> If a church or convention or association of churches which maintains *any church plan, as defined in section 414(e)*, makes an election under this section, certain provisions of the [IRC] and Title I of [ERISA] shall apply to such church plan as if such plan were not a church plan.

26 C.F.R. § 1.410(d)-1(a) (emphasis added). The definition of "church plan" found in Section 414(e), which is incorporated in the regulation quoted above, includes welfare benefit plans:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both*.

26 U.S.C. § 414(e)(3)(A) (emphasis added). Thus, the applicable Treasury Department regulation for a § 410(d) election expressly incorporates a definition of church plans eligible for the election that includes welfare benefit plans.

Further, 29 U.S.C. § 1003(b), ERISA's provision that creates an exemption for church plans, as well as an optional exception to the church plan exemption for employers that make a § 410(d) election with respect to a plan, incorporates the definition of "church plan" found in 29

U.S.C. § 1002(33): "[A] *plan* established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches . . . ." (emphasis added). A "plan," in turn, is defined in the same section of ERISA to mean "*an employee welfare benefit plan* or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension plan." *Id.* § 1002(3) (emphasis added). Thus, under the relevant definitional provisions of both ERISA and the IRC, it appears clear that § 410(d) elections may be made with respect to both pension and welfare benefit plans.

As one court summarized:

> Admittedly, the provisions of the Internal Revenue Code explicitly listed in section 410(d) (participation, vesting, and funding) affect only pension benefit plans. But this list is followed by an enigmatic "etc." And there are several other provisions of the Code that affect welfare benefit plans and exempt church plans, demonstrating that the "church plan" label has significance for welfare plans. At worst, the Code is ambiguous on whether welfare plans may make a section 410(d) election. What is apparent from the text and legislative history of ERISA is that the law was enacted in the context of pension reform. That is where Congress gave nearly all its energy and attention. There is almost no discussion in the Committee Reports of welfare plans; they appear to have been just lumped in. So, when Congress decided both to exempt church plans (presumably because of constitutional concerns), and to let them voluntarily elect federal coverage (presumably because Congress realized that some church plans would want to compete for their employees' good will and/or would prefer uniform national regulation), it seems likely that the drafters simply never consciously thought about whether welfare plans should be included or excluded. There is certainly no suggestion anywhere that Congress intended church plan treatment to be different for pension plans than for welfare plans.

*Catholic Charities*, 304 F. Supp. 2d at 87–88 (footnotes omitted). This Court concurs with this assessment and, accordingly, finds that the LTD Plan, whether a church plan or not, is subject to ERISA regulation on the basis of Ascension's § 410(d) election with respect to the Plan.[6]

**Conclusion**

Because this Court has subject matter jurisdiction, the Court will deny Plaintiff's Motion for Voluntary Dismissal, which was based solely and exclusively on the argument that subject matter jurisdiction is lacking.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal, for lack of subject matter jurisdiction, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, [Doc. No. 39] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a hearing is **DENIED**.

Dated this 23rd day of December, 2014.

---

[6] Plaintiff argues in her Reply that, because Ascension has not made a § 410(d) election with respect to its pension benefits plan, and successfully argued in *Overall* that its pension plan is an exempt church plan, Ascension's § 410(d) election with respect to its welfare benefits plan "should be deemed ineffective." Plaintiff contends that "Ascension should not be allowed to pick and choose which plans should be governed by ERISA, and which should not." [Doc. No. 45 at 5]. Plaintiff cites no relevant authority for this proposition, but instead relies on inapposite cases which held that the all of the different policies within individual welfare benefit plans—for example basic policies, supplemental policies, short term disability benefits, long term disability benefits, life insurance, accidental death and dismemberment, etc.—must be viewed as unitary ERISA programs. *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 291–92 (3d Cir. 2014); *Gross v. Sun Life Assur. Co. of Can.*, 734 F.3d 1, 7–11 (1st Cir. 2013). These holdings have no applicability to an employer that chooses to make a § 410(d) election with respect to its welfare benefits plan, but not its pension plan. The language pertaining to § 410(d) elections is clearly written from the perspective of individual plans, rather than from the perspective of individual employers. *See* 29 U.S.C. § 1003(b)(2) (noting that ERISA does not apply "to any employee benefit plan if such plan is a church plan . . . with respect to which no election has been made under section 410(d) of title 26"); 26 U.S.C. § 410(d)(2) ("An election under this subsection with respect to any church plan shall be binding with respect to such plan, and, once made, shall be irrevocable."). As Defendants note, "[t]o have ERISA 'apply to *the* church plan as if it were not *a* church plan,' the plan administrator must attach a statement to either the annual return required under section 6058—Form 5500—or to a determination letter application. [Doc. No. 50 at 3] [quoting C.F.R. § 1.410(d)-1(c)(3)]. "Determination letter applications and IRS Form 5500s are filed for *individual* plans and not for the employer or the employer's 'benefit program.'" [*Id.*]. There is nothing in the law that prevents Ascension from choosing to make a § 410(d) election with respect to its welfare benefits plan, and not make a § 410(d) election with respect to its pension benefits plan.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE