UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| DEBRA FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-2449-HEA |
| | ) |
| ASCENSION HEALTH LONG TERM | ) |
| DISABILITY PLAN, and | ) Hon. Henry E. Autrey |
| | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF
UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

1. PLAINTIFF'S RESPONSE: Uncontroverted.

2. PLAINTIFF'S RESPONSE: Uncontroverted.

3. PLAINTIFF'S RESPONSE: Uncontroverted.

4. PLAINTIFF'S RESPONSE: Uncontroverted.

5. PLAINTIFF'S RESPONSE: Uncontroverted.

6. PLAINTIFF'S RESPONSE: Controverted. Defendant retained discretionary authority by remaining co-plan administrator of the subject plan, as explicitly stated in the plan document. AH 0091.

7. PLAINTIFF'S RESPONSE: Uncontroverted as to the fact that the Plan states the above with regard to delegation of authority; controverted that complete delegation of authority was made by Defendant Ascension to Sedgwick.

8. *PLAINTIFF'S RESPONSE: Uncontroverted.*

9. *PLAINTIFF'S RESPONSE: Uncontroverted.*

10. *PLAINTIFF'S RESPONSE: Uncontroverted.*

11. *PLAINTIFF'S RESPONSE: Uncontroverted.*

12. *PLAINTIFF'S RESPONSE: Uncontroverted.*

13. *PLAINTIFF'S RESPONSE: Uncontroverted.*

14. *PLAINTIFF'S RESPONSE: Uncontroverted.*

15. *PLAINTIFF'S RESPONSE: Uncontroverted.*

16. *PLAINTIFF'S RESPONSE: Uncontroverted.*

17. *PLAINTIFF'S RESPONSE: Uncontroverted.*

18. *PLAINTIFF'S RESPONSE: Uncontroverted.*

19. *PLAINTIFF'S RESPONSE: Uncontroverted.*

20. *PLAINTIFF'S RESPONSE: Uncontroverted.*

21. *PLAINTIFF'S RESPONSE: Uncontroverted.*

22. *PLAINTIFF'S RESPONSE: Uncontroverted.*

23. *PLAINTIFF'S RESPONSE: Uncontroverted.*

24. *PLAINTIFF'S RESPONSE: Controverted as false. Dr. Zimmerman noted that Plaintiff "should be off work until she is below 20 milligrams of Prednisone."*

25. *PLAINTIFF'S RESPONSE: Controverted. Dr. Steinberger wrote in his December 4, 2012 note "Still agree with disability plan for long term", recommended that Plaintiff continue to follow up with psychiatry for her depression, instructed Plaintiff to continue taking sixteen different mediations, noted that she continued to have joint and muscle pain, severe fatigue, generalized weakness, lethargy, and myalgias.*

26. PLAINTIFF'S RESPONSE: Uncontroverted.

27. PLAINTIFF'S RESPONSE: Uncontroverted.

28. PLAINTIFF'S RESPONSE: Controverted as incomplete. Dr. Steinberger also noted Plaintiff was in a wheelchair and that she had a tremor due to weakness.

29. PLAINTIFF'S RESPONSE: Controverted as incomplete. Dr. Steinberger also noted in his August 20, 2012 letter "Activity is restricted as follows: none."

30. PLAINTIFF'S RESPONSE: Controverted as incomplete. The August 25, 2012 letter also informed Plaintiff that her thyroid hormone level was abnormal and that adjustments to her medication may need to be made.

31. PLAINTIFF'S RESPONSE: Controverted. The discharge note instructed Plaintiff to perform activities "as tolerated."

32. PLAINTIFF'S RESPONSE: Controverted in part. Dr. Lebeis' medical records do not address restrictions.  Uncontroverted as to the remainder of paragraph 32.

33. PLAINTIFF'S RESPONSE: Uncontroverted, although it is noted that this statement is found in the record at AH203, not AH204.

34. PLAINTIFF'S RESPONSE: Controverted. It was Flynn herself who reported to her physical therapist that her "ADL" – Activities of Daily Living" functioning was "greatly improving with current PT." It is pertinent to note that the occupational therapist noted that Flynn was there on that day with "c/o back pain, decreased standing tolerance, and decreased ADLs." AH234.

35. PLAINTIFF'S RESPONSE: Uncontroverted.

36. PLAINTIFF'S RESPONSE: Controverted as incomplete. Dr. Steinberger wrote that Plaintiff could return to work doing "sedentary supervisory work". He did not say she

*could return to her own, light duty job, which required standing and walking up to 80% of the time.*

37. PLAINTIFF'S RESPONSE: *Controverted in part. The contention that "aside from this subjective note, no medical records or tests supported a disabling spike in illness" is controverted as argumentative and unsubstantiated by the record. The remainder of paragraph #37 is uncontroverted.*

38. PLAINTIFF'S RESPONSE: *Controverted in part. The contention that ""there were no objective observations of joint swelling or other musculoskeletal issues" is controverted as argumentative and unsubstantiated by the record. The remainder of paragraph #38 is uncontroverted.*

39. PLAINTIFF'S RESPONSE: *Controverted in part. The contention that ""there were no objective observations of joint swelling or other musculoskeletal issues" is controverted as argumentative and unsubstantiated by the record. The remainder of paragraph #39 is uncontroverted. It is noted that Paragraph #39 does not refer to the record.*

40. PLAINTIFF'S RESPONSE: *Uncontroverted.*

41. PLAINTIFF'S RESPONSE: *Uncontroverted.*

42. PLAINTIFF'S RESPONSE: *Uncontroverted.*

43. PLAINTIFF'S RESPONSE: *Controverted in part as incomplete and inaccurate. Dr. Kahn's notes described Plaintiff as "tearful, frustrated, depressed, c/o poor sleep, feels helpless, sad and depressed", and that her "mood problems were exacerbated by her recent loss of job and financial concerns". Uncontroverted as to the remainder of paragraph #43.*

44. PLAINTIFF'S RESPONSE: *Uncontroverted. It is noted that Paragraph #44 does not*

*refer to the record.*

45. *PLAINTIFF'S RESPONSE: Uncontroverted.*

46. *PLAINTIFF'S RESPONSE: Uncontroverted.*

47. *PLAINTIFF'S RESPONSE: Uncontroverted.*

48. *PLAINTIFF'S RESPONSE: Uncontroverted.*

49. *PLAINTIFF'S RESPONSE: Controverted. It is Plaintiff's contention that as a Nurse, Ms. Vargo was not qualified to render an opinion regarding whether there is objective medical evidence to support Flynn's inability to work beyond December 5, 2012.*

50. *PLAINTIFF'S RESPONSE: Uncontroverted.*

51. *PLAINTIFF'S RESPONSE: Controverted. As explained in Plaintiff's Memorandum in Support of Summary Judgment, Plaintiff's records support that she has remained totally disabled since she was forced to stop working in July of 2012.*

52. *PLAINTIFF'S RESPONSE: Uncontroverted.*

53. *PLAINTIFF'S RESPONSE: Uncontroverted.*

54. *PLAINTIFF'S RESPONSE: Uncontroverted.*

55. *PLAINTIFF'S RESPONSE: Controverted as to the footnote to paragraph #57. See Dr. Lebeis' November 5, 2012 note, in which Dr. Lebeis described Plaintiff as having a "history of stroke versus complex migraine with a facial droop and slurred speech". AR1132. See also Defendants SUF #32 which directly quotes this record. Uncontroverted as to the remainder of the statements made in paragraph #55.*

56. *PLAINTIFF'S RESPONSE: Controverted. Plaintiff stated "in light of the enclosed documentation, as well as based upon the totality of her medical history and treatment, Mrs. Flynn qualifies as disabled pursuant to the terms of her long term disability plan."*

5

57. PLAINTIFF'S RESPONSE: Controverted as incomplete. Plaintiff stated that the tasks she found difficult included climbing stairs, exercise, getting in and out of the car, going downstairs, kneeling, and putting on socks and shoes.

58. PLAINTIFF'S RESPONSE: Uncontroverted.

59. PLAINTIFF'S RESPONSE: Uncontroverted.

60. PLAINTIFF'S RESPONSE: Uncontroverted.

61. PLAINTIFF'S RESPONSE: Uncontroverted.

62. PLAINTIFF'S RESPONSE: Controverted as to the contention that the medical reviews were "independent". The physicians who reviewed Plaintiff's claim on Defendant's behalf are hired and compensated by Defendants. Uncontroverted as to the remainder of paragraph #62.

63. PLAINTIFF'S RESPONSE: Controverted that the review was "independent." Dr. Altman was hired and compensated for his opinion, by Defendants.

64. PLAINTIFF'S RESPONSE: Controverted that the review was "independent." Dr. Nudell was hired and compensated for his opinion, by Defendants.

65. PLAINTIFF'S RESPONSE: Controverted that the review was "independent." Dr. Tuff was hired and compensated for his opinion, by Defendants.

66. PLAINTIFF'S RESPONSE: Uncontroverted that Dr. Altman issued findings on August 8, 2013 and Drs. Nudell and Tuff issued their findings on August 9, 2013. Controverted that "Dr. Altman issued findings based on his review of the medical records, Flynn's job description, and the claims file" which is hearsay.

67. PLAINTIFF'S RESPONSE: Controverted as hearsay.

68. PLAINTIFF'S RESPONSE: Controverted that Dr. Altman "concluded" anything, which

*is hearsay. Uncontroverted that his report includes the statement quoted in paragraph #68.*

69. *PLAINITIFF'S RESPONSE: Uncontroverted that Dr. Altman supplemented his review with an addendum on August 20, 2013. Controverted that Dr. Altman reviewed Dr. Zimmerman's records, which is hearsay. Controverted that Dr. Zimmerman's statement in Plaintiff's records was a "conclusion".*

70. *PLAINTIFF'S RESPONSE: Controverted as hearsay.*

71. *PLAINTIFF'S RESPONSE: Controverted as hearsay.*

72. *PLAINITFF'S RESPONSE: Controverted as hearsay.*

73. *PLAINTIFF'S RESPONSE: Controverted that Dr. Nudell "opined" anything. Uncontroverted that Dr. Nudell's report contained the statements reiterated in paragraph #73.*

74. *PLAINTIFF'S RESPONSE: Controverted as hearsay.*

75. *PLAINTIFF'S RESPONSE: Controverted as hearsay.*

76. *PLAINTIFF'S RESPONSE: Controverted as hearsay.*

77. *PLAINTIFF'S RESPONSE: Controverted that Dr. Tuff "concluded" anything or that his "report was based" on anything as hearsay evidence, and as argumentative. Uncontroverted that Dr. Tuff's report contains the above-quoted statement.*

78. *PLAINTIFF'S RESPONSE: Uncontroverted.*

79. *PLAINTIFF'S RESPONSE: Controverted that Defendant's September 3, 2013 letter was issued pursuant to 29 C.F.R. 2560.503-1, as hearsay, and argumentative. Uncontroverted that Defendant's final denial letter contained the text quoted in*

*paragraph #79.*

80. PLAINTIFF'S RESPONSE: Uncontroverted.

Respectfully submitted,
_s/Talia Ravis_____
Talia Ravis (MO Bar No. 58366)
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955

_s/ Troy Haney_____
Troy W. Haney (MI Bar No. P48614)
Haney Law Office P.C.
330 East Fulton Street
Grand Rapids, MI 49503
(616) 235-2300

DATED: April 3, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to the following counsel of record:

Amy L. Blaisdell
Greenfelder, Hemker & Gale, PC
10 S. Broadway, Suite 2000
St. Louis, MO 63102
mcw@greensfelder.com
apb@greensfelder.com
Counsel for Defendants

/s/Talia Ravis_____