UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA FLYNN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13CV2449 HEA |
| ASCENSION HEALTH LONG TERM DISABILITY PLAN, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs, [Doc. No. 72]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

On July 20, 2015, the Court entered its Order denying the cross motions for summary judgment. The Court remanded the matter to Sedgwick to reopen the administrative record to "either determine the status of Plaintiff's prednisone use as of December 5, 2012, and Dr. Zimmerman's opinions thereon, or to request a revised report from Dr. Altman which does not rely on his previous assumption that Plaintiff was off of prednisone per Dr. Zimmerman's instructions as of December 5, 2012."

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In *Hardt v. Reliance Standard Life Insurance Co.,* 560 U.S. 242 (2010), the Supreme Court held that eligibility for an award under § 132(g)(1) does not require that the fee-seeker be a prevailing party, but only that the "claimant ... show 'some degree of success on the merits.' "Id. at 255 (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983)). Although a "trivial success" or a "purely procedural victor[y]" does not satisfy this standard, it is sufficient if "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.' " *Id.* at 255 (alterations in original) (quoting *Ruckelshaus,* 463 U.S. at 688 n.9) (internal quotation marks omitted).

Plaintiff argues that the Court's remand decision implied that it was more than a procedural victory; specifically, that Defendants' review of Plaintiff's claim was deficient. Quite the contrary, the Court did not imply the review was deficient; rather the Court specifically limited the remand to consideration of the facts which were not considered. Procedurally, the Court will not consider an appeal where the record is incomplete. It is abundantly clear the remand was, therefore, for the sole purpose of having all the relevant facts before the Administrators and, if necessary, the Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees and Costs, [Doc. No. 72], is Denied.

Dated this 22nd day of January, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE